```
JOEL K. BELWAY [60556]
THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation
235 Montgomery St, Suite 668
San Francisco, CA 94104
Telephone:  (415) 788-1702
Facsimile:  (415) 788-1517
```

*Attorney for Plaintiff*
TERRIE OLSON

UNITED STATES BANKRUPTCY COURT

NORTHER DISTICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>HARRY PALMER ALTICK,<br>     Debtor. | Case No. 08-10419<br>Chapter 11 |
| TERRIE OLSON,<br>     Plaintiff,<br>  vs.<br>HARRY PALMER ALTICK,<br>     Defendant. | A.P. NO.<br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY**<br>[Bankruptcy Code § 523(a)(15)] |

COMES NOW plaintiff, TERRIE OLSON ("Olson"), and alleges as follows:

### JURISDICTION

1. Defendant and Debtor, HARRY PALMER ALTICK ("Debtor"), is the debtor in a bankruptcy case commenced by the filing of an involuntary petition (the "Petition") under Chapter 11 of the

United States Bankruptcy Code on March 11, 2008 in the above-entitled Court, No. 08-10419 (the "Case").

2. Venue for this proceeding lies in this Court under 28 U.S.C. §1409.

3. This Court has jurisdiction of this proceeding under 28 U.S.C. §157 and 28 U.S.C. §1334.

4. This proceeding is a core matter under 28 U.S.C. §157(b)(2)(I).

## GENERAL ALLEGATIONS

5. Olson and Debtor are parties to a pre-petition marital dissolution proceeding in the Marin County Superior Court, No. FL 061246, *In re Marriage of Altick* (the "Marin FL Proceeding"), in which a judgment dissolving their marriage was filed on May 31, 2006 (the "Judgment"), which incorporated a Marital Settlement Agreement between Debtor and Olson (the "MSA"). A copy of the Judgment with the MSA is attached as Exhibit 1 hereto.

6. From the Judgment sprang three 2008 orders (the "FL Orders") by the Marin County Superior Court (the "Family Court") prior to the filing of Debtor's Chapter 11 case. Copies of the FL Orders are attached collectively as Exhibit 2 hereto.

7. The combination of the FL Orders, the Judgment and the MSA led to an adversary proceeding filed by Debtor, as plaintiff, against Olson, as defendant, in this Court, No. AP 08-01050 (the "Adversary Proceeding"). A copy of Debtor's complaint in the Adversary Proceeding (the "AP Complaint") is attached hereto as Exhibit 3.

8. A settlement was reached between Debtor and Olson in the Adversary Proceeding; the settlement was the subject of

Case: 09-01072, Doc# 1, Filed: 07/17/09, Entered: 07/17/09 13:10:55, Page 2 of 6

notice to creditors and Debtor's Motion for Orders Approving Compromise, etc. filed November 10, 2008 (the "AP Settlement Motion"), which was approved by this Court on November 21, 2008 (the "AP Settlement"); a copy of the AP Settlement Motion is attached as Exhibit 4 hereto.

9. The basic terms of the AP Settlement were that Debtor was to pay $10,000 each to the attorneys for Debtor and Olson in the Marin FL Proceeding and pay Olson $15,000 in settlement of specific provisions in the Judgment regarding Debtor's payment for a car used by Olson. In consideration for those payments, Olson released a claim that certain real estate commissions were held in a judicial trust created by the Family Court and agreed that the balance of funds in dispute and any other commissions earned during bankruptcy by Debtor after the petition were property of the bankruptcy estate.

10. The required payments were made by Debtor, following which Olson's family law attorney filed, as requested by counsel for Debtor herein, a partial Acknowledgment of Satisfaction of Judgment (the "Partial Satisfaction"), a copy of which is attached as Exhibit 5 hereto.

11. The Partial Satisfaction fully and correctly acknowledged that Debtor's obligations under the Judgment and FL Orders were satisfied only to the following extent: "1. The sum of $10,000.00 to Stefan A. Spielman pursuant to Paragraph 4 of the Findings and Order after Hearing dated February 21, 2008. 2. The sum of $15,000.00 to Terrie Olson to satisfy Harry Altick's obligation under Paragraph I.c. of the Marital Settlement Agreement attached to the Judgment filed May 31, 2006."

12. On October 24, 2008 this Court dismissed the AP Complaint with prejudice. A copy of the dismissal order is attached as Exhibit 6 hereto.

13. Olson objected to Debtor's Chapter 11 Plan ("Plan"), on the grounds that it purported to satisfy all claims by Olson under the Judgment, MSA and FL Orders, notwithstanding the limited scope of the AP Settlement and the limited scope of the Partial Satisfaction. The Court confirmed the Plan and, with the consent of Olson and Debtor, modified the enforcement of indemnity rights of the parties under the Judgment and MSA, by stating in the Confirmation Order entered April 6, 2009 (the "Confirmation Order") as follows:

> "IT IS FURTHER ORDERED that nothing in the plan shall be deemed to discharge Terrie Olson's right to indemnity created by state court family law judgment. Provided, however, that such a right to indemnification may be enforced only if:
> 1. A creditor subject to the debtor's indemnification obligations has made demand on her or otherwise taken action against her or;
> 2. She has been informed by an accountant or lawyer that she is liable on a tax for which she has a right to indemnification; and
> 3. This court, after notice and a hearing, has granted her leave to enforce her indemnification rights. The court will grant such leave unless the debtor demonstrates that he is taking effective steps to avoid actual harm to Olson."

14. Olson timely objected to the Confirmation Order on the grounds that, although it addressed Olson's indemnity claims, it was silent as to other claims by Olson under the Judgment and MSA. The Court on May 15, 2009 overruled Olson's objection and ruled that the Confirmation Order was in effect but without prejudice to Olson's right to bring an adversary proceeding for

nondischargeability. Pursuant to the Court's ruling on May 15, 2009, Olson brings this adversary proceeding.

**CLAIM FOR RELIEF**
(Nondischargeability Under
Bankruptcy Code § 523(a)(15))

15. Olson realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 14 hereinabove as though set forth at length.

16. Except as expressly satisfied by the AP Settlement and the Satisfaction of Judgment, and except as modified as to indemnity rights by this Court's Confirmation Order, all claims by Olson against Debtor arising from the Judgment, MSA or FL Orders in the Marin FL Proceeding are not discharged under Bankruptcy Code §523(a)(15). Such claims include indemnity rights, attorney's fees and property usage rights.

WHEREFORE, Olson prays for judgment as follows:

a. That the Court determine that except as expressly satisfied by the AP Settlement and the Partial Satisfaction, and except as modified as to Olson's indemnity rights by this Court's Confirmation Order, all claims by Olson against Debtor arising from the Judgment, MSA or FL Orders in the Marin FL Proceeding are not discharged under Bankruptcy Code §523(a)(15);

b. Costs of suit incurred; and

c. Such other and further relief as the Court may deem meet in the premises.

```
 1  Dated: July 13, 2009            THE LAW OFFICE OF JOEL K. BELWAY
                                    Professional Corporation
 2

 3                                  /s/Joel K. Belway
                                    JOEL K. BELWAY
 4
```